IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JANET FOLK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 12-3199-CV-S-ODS ) |
| TARGET CORPORATION and DAVID J. MCKEE, | ) ) ) ) |
| Defendants. | ) |

## ORDER AND OPINION GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE OR FOR MORE DEFINITE STATEMENT

Plaintiff initiated this case in state court, alleging she was injured while shopping in a retail store as a result of Defendants' negligence. Defendant Target Corporation ("Target") has asserted a series of affirmative defenses, and Plaintiff has filed a motion to strike or for more definite statement. Target responded; Plaintiff did not file a reply and the time for doing so has passed. The motion (Doc. # 7) is granted in part and denied in part.

One of the functions of a motion to strike is to test the sufficiency of a defense. E.g., Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977). This can apply either to the legal sufficiency or the adequacy of the pleadings. As Target observes, there is a split of authority as to whether the pleading requirements of Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), apply to affirmative defenses. As Target also observes, the undersigned has ruled that those cases do govern the pleading of affirmative defenses. There is no need to delve greatly into the requirements of those standards because the issues raised relate more to the legal theories than to the sufficiency of Target's pleading.

The affirmative defenses targeted by Plaintiff's motion, and the Court's analysis, follow:

*Paragraph 13* – Target contends Plaintiff has failed to state a claim for relief, but does not identify any particular legal infirmities. Alleging a plaintiff has failed to state a

claim for relief does not depend on facts: it depends on an analysis of the Complaint, so no facts are really called for by Iqbal and Twombley. Of course, the bare assertion that Plaintiff has not stated a claim will not garner any relief for Target; a motion will be required. Thus, the defense (1) does no good and (2) does no harm. The Court will take no action.

*Paragraph 14* – Target contends that any injuries Plaintiff suffered were the fault "of plaintiff and/or other persons or entities named or unnamed in plaintiff's Petition, and not as a result of any negligence or any culpable conduct on the part of" Target. The defense continues by alleging ways in which Plaintiff was negligent. Plaintiff contends the defense of comparative fault should be struck because Target is attempting to include the fault of non-parties, which is not permitted by Missouri law. This is a plausible reading, particularly in light of the portion quoted above. However, in light of the specifications contained in Paragraph 14 and Target's response to the Motion to Strike, the Court construes this defense as asserting Plaintiff's fault should be compared to Target's – and with this understanding no further action is necessary.

*Paragraph 15* – Target alleges Plaintiff failed to mitigate damages. The failure to mitigate is an affirmative defense. E.g., Riddell v. Bell, 262 S.W.3d 301, 305 (Mo. Ct. App. 2008). Plaintiff argues this is another attempt to incorporate the fault of unnamed parties, but the Court disagrees.

*Paragraph 16* – Target alleges it is entitled to a reduction or set-off for any settlements paid by other parties. Target also purports to reserve the right to challenge the reasonableness of any such settlement. There do not appear to be any such settlements – in fact, Target admits it "is not, at this time, aware of any other tortfeasors or parties who may have settled with plaintiff arising out of the subject incident." There being no settlements, there is no factual basis for the defense possible. This defense is struck.

*Paragraphs 17 and 18* – Plaintiff mentions these paragraphs together, but presents arguments related solely to Paragraph 18. Therefore, the Court takes no action with respect to Paragraph 17. Paragraph 18 asserts a defense is predicated on section 490.715 of the Revised Missouri Statutes, which Plaintiff (without much

explanation) contends violates the Missouri Constitution.  Target suggests the issue is more appropriately considered in a Motion in Limine.  The Court disagrees with Target: one of the purposes of a Motion to Strike is to test the legal sufficiency of a defense.  In this way, a Motion to Strike is similar to a Motion to Dismiss under Rule 12(b)(6), except it is available to plaintiffs wishing to test the legal sufficiency of a defense.  Moreover, the Court believes it best to resolve this issue before trial.  However, Plaintiff has not provided sufficient explanation for her claim that the statute violates the Missouri Constitution.  No authorities or explanation are offered, making it impossible for the Court to evaluate her argument.  With respect to this defense, Plaintiff's request to strike is denied without prejudice.

*Paragraph 19* – Target alleges the condition Plaintiff alleges caused her injuries (if it existed) "was open and obvious as a matter of law."  This seems to be more in the nature of a denial of Plaintiff's facts than an affirmative defense, or perhaps a legal argument – ultimately, it may not be necessary but the Court sees no harm in allowing it to persist.

*Paragraph 20* – In this defense "Target affirmatively states that plaintiff is not entitled to prejudgment interest as a matter of law."  Again, the Court is not certain Target had to make this allegation to preserve this position, but there is no harm in leaving it in place.

IT IS SO ORDERED.

DATE: June 4, 2012

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

3